UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| MICHAEL GENE TERRELONGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:15-CV-221-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, *Warden*, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Petitioner Michael Gene Terrelonge is an inmate confined by the Bureau of Prisons in the United States Penitentiary-McCreary located in Pine Knot, Kentucky.  Terrelonge has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], in which he challenges his federal firearm and bank robbery convictions and his resulting 744-month sentence.  Terrelonge has paid the $5.00 filing fee.  [R. 12]

In conducting an initial review of a habeas petition under 28 U.S.C. § 2243, the Court should not grant the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  However, because Terrelonge is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v.*

1

*Bock*, 549 U.S. 199 (2007).  At this stage of the proceeding, the Court accepts Terrelonge's factual allegations as true and liberally construes his legal claims in his favor.  But for the reasons set forth below, the Court determines that Terrelonge is not entitled to the relief he seeks, and his § 2241 habeas petition must therefore be denied.

# I

Terrelonge was charged in a superseding bill of indictment with one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371(Count One); two counts of bank robbery/armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), (d) and 18 U.S.C. § 2 (Count Two); and one count of using, carrying, possessing and brandishing of a firearm during and in relation to a crime of violence (bank robbery), and aiding abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii) and 18 U.S.C. § 2 (Count Three).  *United States v. Michael Gene Terrelonge*, No. 3:09-CR-229-RJC-DCK-1 (W.D.N.C. 2009)

Terrelonge was later charged in a Superseding Indictment with two additional counts of bank robbery/armed bank robbery, and two counts of using, carrying, possessing and brandishing a firearm during and in furtherance of a crime of violence (bank robbery).  [*Id.*, R. 15, therein]  A jury convicted Terrelonge on all seven counts set forth in the Superseding Indictment, and on September 22, 2011, Terrelonge was sentenced to serve a 744-month prison term.  Terrelonge appealed, but his conviction and sentence were affirmed in all respects in a *per curiam* opinion.  *United States v. Michael Gene Terrelonge*, 520 F. App'x 151 (4th Cir.) (unpublished), *cert. denied*, 134 S. Ct. 228 (2013).

In June 2014, Terrelonge filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, in which he asserted twelve separate claims. *Michael Gene Terrelonge v. United States*, No. 3:14-CV-360-RJC (W.D.N.C. 2014) [R. 1; R. 4; R. 6; therein]  On November 30, 2015, the district court denied Terrelonge's § 2255 motion, concluding that Terrelonge's claims either facially lacked merit and/or that he had waived the claims by failing to assert them on appeal.  [R. 16.]  A summary of the claims which Terrelonge raised in that motion, and the disposition of those claims, is necessary to fully evaluate Terrelonge's § 2241 petition.

In his first claim, Terrelonge alleged that the district court lacked jurisdiction over his criminal prosecution, and in particular, over the "real religious property (Temple) the body Michael Gene Terrelonge." (citation omitted).  Terrelonge also alleged that his First Amendment rights were violated during his criminal prosecution because he "was deprived of his rights of privacy by the AGENTS of the UNITED STATES Corporation, imprisoned (kidnapped) with strangers to be disenfranchised (inmates) and processing my (Michael Gene Terrelonge) finger print (SEAL) into their corporate data bank." (Citation omitted)  The district court dismissed both claims as either nonsensical or without merit.  [*Id*. at 4.]  In his third claim, Terrelonge alleged that his Second Amendment right to bear arms was violated, but the district court dismissed that claim, finding that Terrelonge offered "no lucid support for his argument."  [*Id*.]

In his fourth claim, Terrelonge alleged that his Fourth Amendment right to be free from an unreasonable search and seizure was violated when law enforcement "seized [the] real religious property (Temple) human body" of Petitioner (citations omitted).  The district

3

court dismissed that claim on two grounds: (1) that law enforcement had obtained a valid arrest warrant following the return of Terrelonge's original indictment, and Terrelonge was arrested few days later and detained pending his federal trial, and (2) that Terrelonge had waived the argument by not raising it on appeal.  [*Id.*]

In his fifth claim, Terrelonge alleged that his Fifth Amendment rights to due process, to be free from self-incrimination, and to be free from double jeopardy were violated during his prosecution, and that the federal courts did not have personal or subject-matter jurisdiction to prosecute him.  The district court dismissed all of those claims, finding them to be "plainly without foundation."  [*Id.*, p. 5, therein]

In that same claim, Terrelonge challenged the legality of the evidence which was seized by law enforcement and offered as proof at his federal trial, and also alleged that he had been deprived of discovery during his criminal prosecution.  The district court dismissed those claims, finding them to be "meritless," and further concluded that Terrelonge had waived the claims by failing to present them on appeal.  [*Id.*]  The district court also dismissed as baseless Terrelonge's allegation that he was forced to testify against himself, noting that Terrelonge did not testify at his trial.  [*Id.*]  The district court also dismissed Terrelonge's other related claims (that his counsel was ineffective for failing to challenge his confession and that the Double Jeopardy Clause was violated), concluding that Terrelonge's confession was knowing and voluntary.  [*Id.*]

In his sixth claim, Terrelonge argued that his Sixth Amendment right to confront witnesses, his right to a jury trial and a Speedy Trial, and his right to counsel had been violated during his criminal prosecution.  The district court dismissed those claims, finding

that Terrelonge waived them by not raising them on appeal.  [*Id*.]  As for Terrelonge's allegation that he had been denied effective assistance of counsel, the district court concluded that Terrelonge demonstrated no prejudice stemming from either the alleged delay in his trial and/or the alleged deficient performance of his counsel; that the evaluation of Terrelonge's competency contributed to the delay; and that Terrelonge's "… refusal to work with counsel in an effort to prepare for trial . . . necessitated motions to withdraw and additional time for hearings."  [*Id*., p. 6, therein]

The district court also rejected Terrelonge's seventh claim, which was that his Seventh Amendment rights had been violated because law enforcement and the judicial system conspired to deprive him of his inherited rights, to convict and/or kidnap him, and to deprive him of a fair trial.  The district court determined that those allegations failed to state any possible grounds for relief.  [*Id*.]

In his eighth claim, Terrelonge's argued that his sentence violated his Eighth Amendment right to be free from excessive bail, fines, and cruel and unusual punishment. The district court rejected that claim, explaining that on direct appeal of his conviction, the Fourth Circuit had rejected any challenge to Terrelonge's sentence by concluding that mandatory terms of imprisonment for the § 924(c) offenses were statutorily prescribed.  [*Id*.] The district court summarily dismissed Terrelonge's next two claims—which were that his rights guaranteed under Ninth and Tenth Amendment of the U.S. Constitution, respectively, had been violated—finding that the claims either failed to state a reasonable basis for relief or lacked merit.  [*Id*.]

In his eleventh claim, Terrelonge argued that his that the federal government did not have subject matter jurisdiction to prosecute him on the charges related to his bank robberies, because similar charges were pending in state court when the federal government first indicted him on the same charges.  The district court dismissed that claim, explaining that "…there is no such prohibition on dual sovereigns proceeding on similar charges."  [*Id.*, p. 7, therein]  The district court also summarily dismissed Terrelonge's related claim alleging abuse of process, false imprisonment, misapplication, misrepresentation, and failure to meet burden of proof, because Terrelonge did not raise them on direct appeal and because the claims were "clearly meritless."  [*Id.*]

In his final claim (number twelve), Terrelonge again challenged the subject-matter jurisdiction of the federal courts to try him on the bank robbery counts and the related crimes and to sentence him to prison after conviction.  The district court summarily dismissed that challenge, describing it as "plainly meritless."  [*Id.*]  After denying Terrelonge's § 2255 motion, the district court also declined to issue Terrelonge a certificate of appealability.  [*Id.*, p. 8, therein]  Terrelonge did not appeal the denial of his § 2255 motion, but wasted no time in filing the instant § 2241 petition in this Court nine days later, on December 9, 2015.

**II**

**A**

In his § 2241 petition, Terrelonge advances the same twelve claims/challenges which he unsuccessfully asserted in his § 2255 motion.  Using the same basic framework, the same awkward language, similar bible references, and the same incomprehensible analogies which he employed in his § 2255 motion, Terrelonge again challenges the jurisdiction of the federal

6

courts over his criminal prosecution; challenges the sufficiency of the evidence used to convict him; alleges that he was denied his right to counsel during his criminal prosecution (in violation of this rights guaranteed under the Sixth Amendment of the U.S. Constitution); and alleges that he was denied due process during his criminal prosecution (in violation of this rights guaranteed under the Fifth Amendment of the U.S. Constitution).

Terrelonge appears to be asking that this Court set aside his conviction and sentence, although the specific (and nonsensical) language that he uses in the "Request for Relief" section of his § 2241 petition asks this Court to "...DISCHARGE THE ASSUMED/PRESUMED DEBT [SIN] of the MISNOMER NOM de guerre...and set me Michael Gene Terrelonge at liberty with the Bond to the case Immediately...."  [R. 1, p. 20 (capital letters in original)]

**B**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

7

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks

omitted).  In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for

federal prisoners seeking relief from an unlawful conviction or sentence.  *See Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

      The "savings clause" of § 2255(e) provides a narrow exception to this general rule.

Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241

petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his

detention.  28 U.S.C. § 2255(e).  This exception does not apply where a prisoner fails to seize

an earlier opportunity to correct a fundamental defect in his or her convictions under pre-

existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but

was denied relief.  *Charles*, 180 F.3d at 756.  Citing almost every amendment enumerated in

the U.S. Constitution, Terrelonge now collaterally challenges his conviction and sentence

under § 2241 via the "savings clause" of § 2255(e); however, § 2241 is not the proper

mechanism for asserting any of these challenges.

      A federal prisoner may challenge the legality of his detention under § 2241 only if his

remedy under § 2255(e) is inadequate or ineffective.  *See Wooten v. Cauley*, 677 F.3d 303,

306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  This exception does not apply where a

prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her

convictions under pre-existing law, or actually asserted a claim in a prior post-conviction

motion under § 2255 but was denied relief.  *Id*.  The remedy under § 2255 is not inadequate

where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he

asserted a claim but was denied relief on it.  *Id*. at 756-58; *Rumler v. Hemingway*, 43 F

App'x 946, 947 (6th Cir. 2002).  It is the petitioner's burden to establish that his remedy

under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.

Terrelonge has not carried that burden in this proceeding.  Terrelonge has slightly

reworded and repackaged his "product," so that he now lists only eleven challenges to his

conviction and sentence instead of twelve as he did in his § 2255 motion, but a careful

review of his § 241 petition reveals that substantively, Terrelonge has done nothing more

than immediately recycle the same twelve challenges in his § 2241 petition which he

unsuccessfully asserted in his § 2255 motion.  As noted, a federal prisoner may use the

"savings clause" of § 2255(e) to challenge the legality of his conviction through a §

2241petition if his remedy under § 2255 was "inadequate or ineffective" to test the legality

of his detention, but that exception is inapplicable where the prisoner actually asserted the

claim (or claims) in a prior post-conviction motion under § 2255 but was denied relief on the

claim.  *Charles*, 180 F.3d at 756.

Terrelonge cannot seek another bite of the apple simply by re-asserting the same

slightly re-packaged claims in a § 2241 habeas petition which were previously rejected under

28 U.S.C. § 2255.  *Charles*, 180 F.3d at 756-58; *Graham v. Sanders*, 77 F. App'x 799, 801

(6th Cir. 2003).  Section § 2241 is not an additional, alternative, or supplemental remedy to

the one provided in § 2255.  *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No.

7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not

available to a petitioner who merely wishes to reargue claims considered and rejected in a

prior motion under Section 2255.").  The eleven listed claims which Terrelonge asserts in his

9

§ 2241 petition are merely re-hashed versions of the same twelve claims which the North Carolina district court fully addressed and rejected on November 30, 2015.  For that reason, Terrelonge has not established that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention.

Further, to the extent that Terrelonge continues to challenge various aspects of his 744-month sentence, claiming that it was excessive or that it somehow violates the Eighth Amendment, Terrelonge does not allege that he is actually innocent of the federal firearm and bank robbery offenses of which he was convicted; he instead challenges only the amount of time which he was ordered to serve in prison.  In other words, Terrelonge does not allege that he "stands convicted of 'an act that the law does not make criminal.'"  *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held that "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."  *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012).  Because the savings

10

clause of § 2255 extends only to petitioners who challenge their underlying convictions, not their sentences, Terrelonge's challenge to any aspect of his sentence does not establish grounds for relief under 28 U.S.C. § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.  The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  But here, Terrelonge fails to cite to any case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction and sentence.

For these reasons, Terrelonge has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug offenses of which he was convicted.  Because Terrelonge is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

### III

Accordingly, it is hereby **ORDERED** as follows:

1        Petitioner Michael Gene Terrelonge's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

11

     2.      The Court will enter an appropriate Judgment.

     3.      This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's

docket.

This 10th day of March, 2016.



Gregory F. Van Tatenhove
United States District Judge